SCANNED

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

JOSEPH F. DUGAN
Plaintiff

[redacted] 05 399

V.

No.

National Railroad Passenger Corporation
(AMTRAK)
Defendant

COMPLAINT( Freedom of Information Act)

1. This complaint is brought pursuant to the Freedom of Information Act as amended. 5 USCA Sect 552, referred to as "FOIA" to require public disclosure of all records and other documents, or parts of them, contained in AMTRAK files. The FOIA applies to AMTRAK. 49 USCA Sect 24301 (e).

2. This court has jurisdiction of this action pursuant to the Freedom of Information Act(FOIA) as amended, 5 USCA (a)(4)(B),.

3. Plaintiff is a resident of Cranston, RI who in November 2004 made a request to the Defendant under the FOIA.

3. Defendant, AMTRAK, is a quasi government corporation with its principal place of business in Washington, D.C. which maintains a place of business in Providence , RI and does business in the state of Rhode Island.

4. On November 24, 2004, a request under the FOIA was perfected. The finalized request is summarized in the AMTRAK letter of June 28, 2005 (A). Plaintiff was required to and did pay $250.00 as a deposit to AMTRAK.

5. Although under a statutory duty to respond to Plaintiff's request within 20 days no response was received until early in June 2005 which was a phone call initiated by AMTRAK.

6. Plaintiff's request can be summarized as a request for the names and docket numbers of court cases filed against AMTRAK in the Northeast corridor between Boston and Washington which involved the closing of exterior train doors on passengers, all internal memo's which address the problem of doors closing on passengers, all complaints by passengers about trains leaving the Providence station without sufficient notice to make an exit, documents which address the duties of conductors to be on the platform at the trains departure.

7. In a phone call of July 2005 Medaris Oliveri the FOIA officer stated the records were complete, but further costs were needed to be paid which she estimated to be about $1,000.00 including the $250.00 already paid. Plaintiff reminded Oliveri that Plaintiff had requested to be notified if costs were to exceed $500.00 in total. A few days later Plaintiff was advised by phone that any costs over $500.00 would be waived. Plaintiff has never received any documentation for the costs which for what was produced were grossly excessive.

8. By letter dated July 29, 2005 AMTRAK responded to the request. AMTRAK refused to give the names and docket numbers of four cases filed in court which involved doors closing on passengers on the basis that it would be an invasion of privacy under Sect 6 of the FOIA, claimed to have no memo's regarding doors closing on passengers, refused to give the names and addresses of persons who had filed complaints on the grounds that they were an invasion of personal privacy under Section 6 of the FOIA. Provided certain pamphlets about the duties of conductors with over one half of the content redacted on the grounds that it was not responsive.( B ).

9. Plaintiff filed an administrative appeal AMTRAK on August 11, 2005.On September 9, 2005 a decision was made on the appeal fully supporting the decision of the FOIA Officer.( C ).

10. That Plaintiff is entitled to all of the information requested. Furthermore, Defendant's actions are arbitrary and capricious exemplified by the refusal to identify the names and docket numbers of what clearly are public records: court cases. The arbitrary excessive costs being imposed for this minuscule amount of information are further evidence of bad faith.

Where Plaintiff demands as follows:

1. That the Plaintiff be ordered to provide all the information requested.

2. To expedite the proceedings as provided in 5 USCA, Sect 552(a)(4)(B)

3. Award plaintiff its costs and reasonable attorneys fees pursuant to 5 USCA Sect 552(a)(4)(E).

4. Order that Plaintiff be proved an itemized statement showing the basis for the fees charged by AMTRAK

5. That the court issue a written finding pursuant to 5 USCA Sect 552(a)(4)(F) that circumstances the withholding of information raise questions whether personnel acted arbitrarily and capriciously.

6. Such further relief as the court deems proper.

Joseph F. Dugan, Esq #1388
183 Lyndon Road
Cranston, RI 02905
401-781-3573

A

VIA E-MAIL AND U.S. MAIL

June 28, 2005

Joseph F. Dugan, Esq.
Attorney at Law
183 Lyndon Road
Cranston, Rhode Island 02905

Re: Freedom of Information Act Request

Dear Mr. Dugan:

There have been a number of changes to your Freedom of Information Act (FOIA), both oral and written, since it was originally received. I thought it prudent to make sure that we have been correctly interpreting your request.

Your November 24 letter stated that items #1 and #2 of your request refer to exterior doors of passenger cars and that items #2 and #4 of your request limit the scope of your request to the Northeast Corridor from Boston to New York. On June 27, you indicated that "persons" in item #1 of your request should be interpreted as "passengers," and today, you advised me that "carry-bys" may be excluded from item #3 of your request. We have therefore interpreted your request, as amended, as seeking records covering the time period 1999 through 2004 as described below:

1. The names of parties, docket numbers, and courts involved wherein Amtrak has been sued for injuries by passengers traveling on the Boston to Washington segment of the NEC who claimed that an exterior passenger car doors closed on them, causing injuries.

2. Any internal memos or studies concerning problems of exterior passenger doors closing on persons on trains operating between Boston and New York, causing injuries.

3. All complaints by passengers and Amtrak's responses to them concerning failure to notify passengers that the train was leaving the Providence, Rhode Island station without sufficient notice and not providing time to exit. Carrybys should not be included.

4. Any documents that address the duties of conductors to be on the platform prior to or at the time of the train's departure for trains operating between New York and Boston.

Please advise me right away if any portion of this request is incorrect. My fax number is 202/906-2169.

Thank you for your attention to this matter.

Yours truly,

Medaris Oliveri
*Freedom of Information Officer*

FI-5050

NATIONAL RAILROAD PASSE. .R CORPORATION
60 Massachusetts Avenue, NE, Washington, DC 20002

AMTRAK

July 29, 2005

Joseph F. Dugan, Esq.
Attorney at Law
183 Lyndon Road
Cranston, Rhode Island 02905

Re: Freedom of Information Act Request

Dear Mr. Dugan:

We are further responding to your Freedom of Information Act (FOIA) request. On July 1, 2005, we received your e-mail confirming that Amtrak has accurately interpreted the revisions that you have made to your request. Your request was therefore deemed "perfected" as of that date.

Your request, as amended, seeks records for the 1999 through 2004 time period as described below:

1. The names of parties, docket numbers, and courts involved wherein Amtrak has been sued for injuries by passengers traveling on the Boston to Washington segment of the Northeast Corridor (NEC) who claimed that an exterior passenger car door closed on them, causing injuries.

2. Any internal memos or studies concerning problems of exterior passenger doors closing on persons on trains operating between Boston and New York, causing injuries.

3. All complaints by passengers and Amtrak's responses to them concerning failure to notify passengers that the train was leaving the Providence, Rhode Island station without sufficient notice and not providing time to exit.

4. Any documents that address the duties of conductors to be on the platform prior to or at the time of the train's departure for trains operating between New York and Boston.

With regard to processing fees, an advance deposit of $250.00 was provided under cover of your November 24 letter. Under cover of my July 19, 2005 letter, you were advised that Amtrak would disclose responsive, nonexempt records upon payment of $250.00 in additional processing

AMTRAK

fees. On July 27, we received your letter dated "June 13," which transmitted check #6817 for $250.00. Accordingly, we are releasing nonexempt portions of records that have been determined to be responsive to your request and are advising you of FOIA exemptions that have been asserted for portions of the records withheld.

Amtrak grants item #1 of your request in part. We are releasing a one page list of the courts wherein Amtrak was sued for injuries by passengers who claimed that exterior doors of Amtrak passenger cars closed on them while traveling on trains operating on the Boston to Washington segment of the NEC during the 1994 through 2004 time period. The names of the parties in these lawsuits, however, are being withheld under exemption 6 of the FOIA on the basis that disclosure of such information would lead to a clearly unwarranted invasion of the personal privacy of these individuals. The docket numbers of these lawsuits are also being withheld under exemption 6 on the basis that disclosure could lead to exposure of the identity of these individuals.

Item #2 of your request seeks studies and memos concerning studies regarding problems with doors closing on persons and causing them injury, while traveling on trains operating between Boston and New York. Amtrak has located no records that are responsive to this portion of your request.

In regard to item #3 of your request, Amtrak has conducted an extensive search for complaints and Amtrak's response to such complaints concerning failure to notify passengers that a train was leaving the Providence, Rhode Island Station without sufficient notice and not providing time to exit. Per instructions in your July 1 e-mail, "carry-bys" were excluded from the query results. Amtrak is releasing records totaling three pages in response to this item of your request. The names of individuals who submitted complaints deemed responsive to your request as well as personal identifying information (i.e., address and phone number) have been withheld under exemption 6 of the Act on the basis that disclosure of such information would constitute a clearly unwarranted invasion of the personal privacy of these individuals.

Item #4 of your request seeks records concerning the duties of conductors to be on the platform prior to or at the time of the train's departure on the New York to Boston segment of the NEC for the 1999-2004 time period. In response to this portion of your request, we are releasing relevant pages of Amtrak manuals for the specified time period. A brief description of these records is

provided below:

| Description | Date Issued/Revised | No. of Pages |
|---|---|---|
| • *Manual of Instructions – Conductors, Assistant Conductors, and Trainmen* | February 1992 | 6 |
| • *On-Train Service Standards Manual* | July 2001 | 7 |
| • *Service Standards for Train Service Employees* | November 2002 | 6 |
| • *Service Standards Reference Manual for Management Employees, Revision #2* | May 2003 | 6 |
| • *Service Standards for Train & On-Board Service Employees, Manual #2* | May 2004 | 6 |

Nonresponsive portions of the records provided have been redacted.

Pursuant to Amtrak's FOIA regulations (49 CFR 701.10), if you wish to appeal Amtrak's decision to withhold the above-mentioned information as well as Amtrak's "no records response," you may file an appeal with Alicia M. Serfaty, General Counsel and Corporate Secretary, within thirty days of the date of this letter, specifying the relevant facts and the basis for your appeal. Your appeal may be sent to Ms. Serfaty at the above address.

Yours truly,

Medaris Oliveri
*Freedom of Information Officer*

Enclosures

FI-5243

C

NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE, Washington, DC 20002

AMTRAK

September 9, 2005

Joseph F. Dugan, Esq.
Attorney at Law
183 Lyndon Road
Cranston, Rhode Island 02905

Re: Freedom of Information Act Appeal

Dear Mr. Dugan:

Your August 3, 2005 appeal of information sought under the Freedom of Information Act (FOIA) was received by Amtrak's Office of the General Counsel and Corporate Secretary on August 11, 2005.

A review of Amtrak's FOIA Office records reveals that your request, as finalized, sought the following:

1. The names of parties, docket numbers, and courts involved wherein Amtrak has been sued for injuries by passengers traveling on the Boston to Washington segment of the Northeast Corridor (NEC) who claimed that an exterior passenger car door closed on them, causing injuries.

2. Any internal memos or studies concerning problems of exterior passenger doors closing on persons on trains operating between Boston and New York, causing injuries.

3. All complaints by passengers and Amtrak's responses to them concerning failure to notify passengers that the train was leaving the Providence, Rhode Island station without sufficient notice and not providing time to exit.

4. Any documents that address the duties of conductors to be on the platform prior to or at the time of the train's departure for trains operating between New York and Boston.

**Background Information**

Your appeal challenges the denial of names and other personal data withheld from records disclosed by Amtrak in response to your FOIA request, specifically the names of plaintiffs and docket numbers of lawsuits filed against Amtrak as described in item #1 of your request and the

AMTRAK

names of complainants as described in item #3. The names of these individuals and information that would identify them were withheld under exemption 6 of the FOIA on the basis that disclosure of such information would lead to a clearly unwarranted invasion of their personal privacy. Your appeal also challenges the redaction of nonresponsive information in records that were provided in response to item #4 of your request.

## Information Withheld under Exemption 6

### The Threshold Requirement of Exemption 6

Exemption 6 of the FOIA protects "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. 552 § (b)(6)(2000). It requires a balancing of the public interest in disclosure against the privacy interest that would be harmed by disclosure. Painting Industry of Hawaii Market Recovery Fund v. United States Dep't of the Air Force, 26 F.3d 1479, 1482; 1994 U.S. App. LEXIS 15012 (9th Cir. 1994). To prevail on an exemption 6 claim, it must be demonstrated that the information at issue comes from the type of files that are statutorily protected and that the individual's right of privacy outweighs the public interest. United States Dep't of State v. Washington Post Company, 456 U.S. 595, 598, 600-601; 102 S. Ct. 1957; 72 L. Ed. 2d 358; 1982 U.S. LEXIS 106 (1982).

Based upon a review of the legislative history, the Supreme Court has held that the phrase "similar files" has a "broad, rather than a narrow, meaning" and that exemption 6 extends to all information that applies to a particular individual, regardless of the type of file in which it is contained. Washington Post, 456 U.S. at 600. "The scope of exemption 6 is not restricted by a file's label, but rather, extends to private information concerning a particular individual within any given file, the disclosure of which would directly identify the individual." Dayton Newspapers Inc. v. Dep't of Veteran Affairs, 257 F. Supp. 2d 988, 999; 2003 U.S. Dist. LEXIS 6647 (S.D. Ohio 2003); *see* also Washington Post, 456 U.S. at 601. The information at issue in this appeal is clearly a "similar file" and therefore meets the threshold requirement of exemption 6.

### The Balancing Test of Exemption 6

Once the threshold requirement has been established, the balancing process under exemption 6 requires an assessment of the privacy interests at issue and the public benefit, the nature of the information sought in a FOIA request, and the use to which the requested information could be put if disclosed to any member of the public. Painting Industry, 26 F.3d at 1482. The identity of the requesting party and the purpose for which the request for information is made have no bearing on the FOIA request. Dep't Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 771; 103 L. Ed. 2d 774; 1989 LEXIS 1574 (1989).

AMTRAK

**Privacy Interests**
The privacy interest inherent in exemption 6 "belongs to the individual, not the agency holding the information." Sherman v. United States Dep't of the Army, 244 F.3d 357, 364; 2001 U.S. App. LEXIS 3423 (5th Cir. 2001); see also Reporters Committee, 489 U.S. at 763-776. "Only the individual whose informational privacy interests are protected by exemption 6 can effect a waiver of those privacy interests." Sherman, 244 F.3d at 364.

Your appeal challenges Amtrak's decision to withhold the names of complainants and plaintiffs as well as docket numbers that could lead to exposure of the identity of such individuals. The Court in Abraham & Rose v. United States, 138 F.3d 1075, 1083; 1998 U.S. App. LEXIS 4468 (6th Cir. 1998) recognized that "a clear privacy interest exists with respect to such information as names, addresses, and other identifying information."

In your appeal, you assert that court records are public records that include the names and numbers of cases and that the individuals concerned have waived any right to privacy when they filed a lawsuit. "The fact that an event is not wholly 'private' does not mean that an individual has no interest in limiting disclosure or dissemination of the information." Favish v. Office of Independent Counsel, 217 F.3d 1168, 1184; 2000 U.S. App. LEXIS 15955 (9th Cir. 2000). "An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information [is] available to the public in some form." United States Dep't of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 500; 114 S. Ct. 1006; 127 L. Ed. 2d 325; 1994 U.S. LEXIS 1867. The "practical obscurity" standard adopted by the Supreme Court made clear that substantial privacy interests can exist in personal information appearing in federal compilations even though the information has been made available to the general public. Reporters Committee, 489 U.S. at 764, 768. "A privacy interest is not necessarily lost simply because at one time private facts were placed in the public domain." *See* Reporters Committee, 489 U.S. 762-770. Information readily available in phone books or public voter registration lists retain their private nature for FOIA purposes. Abraham & Rose, 138 F.3d at 1075. Moreover, the courts have held that "a clear interest exists with respect to such information as names, addresses, and other identifying information even if such information is already available on publicly recorded filings." Id. at 1083.

In your appeal, you also assert that "anyone making a complaint to any quasi public corporation such as Amtrak understands such complaints may fall in the public domain." The courts have held that the names and other personal data concerning private citizens who write letters to the government are exempt from disclosure. *See* examples cited in Lakin Law Firm v. Federal Trade Commission, 352 F.3d 1122, 1125; 2003 U.S. App. LEXIS 25279 (7th Cir. 2003); Devvy Kidd v. Dep't of Justice, 362 F. Supp. 2d 291, 297; 2005 U.S. Dist. LEXIS 5413. "Personal privacy interests of consumers do not disappear when they complain to the [government]." Lakin, 352

AMTRAK

F.3d at 1124. "Only the individual whose informational privacy interests are protected by exemption 6 can effect a waiver of those privacy interests." Id.

**Public Interest**

Once it has been determined that a personal privacy interest is threatened by disclosure, the second step in the balancing process requires an assessment of the public interest in disclosure. The burden of establishing that disclosure would serve the public interest is on the requester. *See* Carter v. United States Dep't of Commerce, 265 U.S. App. D.C. 240; 830 F.2d 388, 390-391 nn. 8 & 13; 1987 U.S. App. LEXIS 13451 (D.C. Cir. 1987). The Supreme Court has repeatedly held that the "FOIA recognizes a public interest only in information bearing on an agency's performance of its statutory duties." Neely v. FBI, 208 F.3d 461, 464; 2000 U.S. App. LEXIS 5650 (4th Cir. 2000). *See* also Reporters Committee, 489 U.S. at 773, 775. The courts have also held that unless the public would learn something directly about the workings of the government, "there is no public interest in the disclosure of names." National Association of Retired Federal Employees v. Constance Horner, 879 F.2d 873, 879; 279 U.S. App. D.C. 27; 1989 U.S. App. LEXIS 9773 (D.C. Cir. 1989).

**Conclusions**

The plaintiffs and complainants in the records disclosed in response to your request all have a substantial interest in nondisclosure of their identities. Moreover, disclosure of their identities would not enlighten the public about Amtrak operations or activities. Since the names of these individuals do not speak to the performance of Amtrak's statutory duties, it has been determined that there is no public interest in disclosure of this information. It has also been determined that the individuals whose names appear in the records disclosed have a substantial interest in protecting their right to privacy; therefore, the balancing test of exemption 6 falls in favor of nondisclosure.

**Denial of Entire Documents**

In your appeal, you assert that you are entitled to the entire document with regard to records disclosed in part to item #4 of your request, which seeks "duties of conductors to be on the platform prior to or at the time of the train's departure." Your letter states that Amtrak has made no claim that the redacted portion of the documents in question are protected from disclosure under the FOIA.

As indicated in the FOIA Officer's July 29, 2005 letter, responsive sections of Amtrak's onboard service manuals were disclosed with redaction of nonresponsive portions of these records. These manuals cover a myriad of subjects ranging from accounting procedures to how to greet passengers. Such information was not sought in your request and therefore was beyond the scope of your request. Consequently, there was no requirement to assert any exemptions to the FOIA.

AMTRAK

The courts have held that withholding or nondisclosure of information that is beyond the scope of a request is appropriate. *See* e.g., Diamond v. Federal Bureau of Investigation, 532 F. Supp. 216, 233; 1981 U.S. Dist. LEXIS 13873 (S.D.N.Y. 1981); In Re Church of Scientology Flag Service Organization/Internal Revenue Service FOIA Litigation, 1993 U.S. Dist. LEXIS 18946 (M.D. Fla. 1993).

**Decision**

The decision of Amtrak's FOIA Officer to withhold the names of complainants, plaintiffs, and docket numbers sought in your request is upheld. Further, the decision to not provide information that was beyond the scope of your request is also upheld. Your appeal is therefore denied. You are advised that you may seek judicial review of this determination in accordance with the provisions of 5 U.S.C. § 552 (a)(4).

**Other Issues Addressed in Your Letter**

As stated in your letter, it took longer than the statutory period to process your request. We note, however, in reviewing FOIA Office records, that the FOIA Office contacted you on a number of occasions to ensure that your request was being correctly interpreted and to minimize fees associated with processing your request. The information sought in your request required both computerized and labor-intensive manual searches for records. The search for responsive records encompassed Amtrak offices in Washington; Philadelphia; New York City; and Wilmington, Delaware involving over forty individuals during the course of processing your request.

In your letter, you claimed that you have been "grossly overcharged" in light of the number of documents that you had received in response to your FOIA request and demand a $250 reduction in fees in addition to an itemized statement of charges. The charges assessed for your request were not solely based upon the number of documents produced. As indicated on several occasions in correspondence from the FOIA Officer, Amtrak assesses charges for search and review time as well as reproduction of documents.

Each of the items in your request sought specific records, which required extensive search and review time. Our records show that Amtrak's FOIA Officer advised you on September 20, 2004 that your processing fees were likely to exceed $1,000. In your letter of October 4, 2004, you agreed to pay up to $500 in processing fees and requested notification should fees exceed this amount. Billable charges fees did exceed $1,000 due to the amount of search and review time required to process your request. As indicated in the FOIA Officer's letter of July 19, fees in excess of $500 were waived since you had not authorized the payment of fees beyond this amount. We find no basis for granting your request for a fee reduction. The FOIA Officer,

AMTRAK

however, has been asked to provide you with an itemized statement of charges in response to your request.

Sincerely,

Alicia M. Serfaty
*General Counsel and Corporate Secretary*

cc: Medaris Oliveri

[redacted] 05 399

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JOSEPH F. DUGAN

**DEFENDANTS**
AMTRAK

(b) County of Residence of First Listed Plaintiff: PROVIDENCE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: WASH, D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
183 Lyndon Rd
CRANSTON, RI 02905

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

FOIA

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 5 USC 552
Brief description of cause: FREEDOM OF INFORMATION

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE