**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **JOSEPH F. DUGAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION,**<br><br>**Defendant.** | **Civil Action No.**<br><br>**1:05-CV-00399-S-DLM** |

**DECLARATION UNDER PENALTY OF PERJURY**
**PURSUANT TO 28 U.S.C. §1746**

I, **MEDARIS OLIVERI**, do hereby declare and state as follows:

1. I have personal knowledge of the facts set forth in this Declaration.

2. I am employed by the National Railroad Passenger Corporation ("Amtrak"). My office is located at Washington Union Station, 60 Massachusetts Avenue, N.E., in Washington, D.C. 20002. I have a Bachelor of Science and Master of General Administration degrees from the University of Maryland. I also am a graduate of the Medical Records Administration Program at the University of Texas in Galveston. I currently serve as Amtrak's Freedom of Information Act ("FOIA") Officer and Assistant Corporate Secretary. I have served as Amtrak's FOIA Officer continuously since 1985. In this position, I am responsible for implementing and administering the FOIA at Amtrak. I am personally familiar with the information and documents described herein.

3. On average, Amtrak's FOIA Office processes in excess of 200 FOIA requests per year. The FOIA Office is staffed by two part-time FOIA Officers. During the

time that Mr. Dugan's FOIA request was being processed, there was turnover in the position of Assistant FOIA Officer, necessitating that I work extended hours and on weekends.

4. It was my responsibility to ensure that Mr. Dugan's FOIA request received a proper and complete response.

**Summary of Communications Between Amtrak and Mr. Dugan**

5. Attached as Exhibit 1 is a true and correct copy of a letter dated September 9, 2004, from Mr. Dugan.

6. Attached as Exhibit 2 is a true and correct copy of a letter dated September 20, 2004, that I sent to Mr. Dugan.

7. Attached as Exhibit 3 is a true and correct copy of a letter dated October 4, 2004, from Mr. Dugan.

8. Attached as Exhibit 4 is a true and correct copy of a letter dated November 16, 2004, that I sent to Mr. Dugan seeking clarification of his FOIA request and payment of the advance deposit of $250 as required under Amtrak's FOIA regulations, 49 CFR § 701.11.

9. Attached as Exhibit 5 is a true and correct copy of a letter dated November 24, 2004, from Mr. Dugan.

10. On June 22, 2005, I contacted Mr. Dugan by telephone and e-mail in order to further clarify his FOIA request. Attached as Exhibit 6 is a true and correct copy of an e-mail dated June 22, 2005, that I sent to Mr. Dugan.

11. Attached as Exhibit 7 is a true and correct copy of a letter dated June 28, 2005, that I sent to Mr. Dugan.

12. Attached as Exhibit 8 is a true and correct copy of an e-mail dated July 1, 2005, from Mr. Dugan.

13. In early July 2005, I advised Mr. Dugan by telephone that it was likely that the fee for processing his FOIA request would exceed $1,000. He voiced his objection stating that he had committed to paying only $500.00.

14. Attached as Exhibit 9 is a true and correct copy of a letter dated July 19, 2005, that I sent to Mr. Dugan.

15. Attached as Exhibit 10 is a true and correct copy of a letter dated June 13, 2005(sic), from Mr. Dugan.

16. Attached as Exhibit 11 is a true and correct copy of a letter dated July 29, 2005, that I sent to Mr. Dugan.

17. Attached as Exhibit 12 is a true and correct copy of a letter dated August 3, 2005, from Mr. Dugan.

18. Attached as Exhibit 13 is a true and correct copy of Amtrak's September 9, 2005 denial of Mr. Dugan's August 3, 2005 appeal.

**The Search Conducted by Amtrak**

19. The search conducted by Amtrak for records responsive to the amended FOIA request submitted by Mr. Dugan was designed to locate all records responsive to the request. The search was conducted between November 2004, and June 2005.

20. Amtrak utilizes a decentralized system of record keeping, and there is no central index of its records or files. To my knowledge, the offices responsible for a particular function maintain subject matter files in hard copy, and in some cases electronic format.

21. I personally coordinated an extensive search for records that were within the scope of Mr. Dugan's FOIA request. A brief description of the search process is provided below.

22. In accordance with my usual practice, I oversaw the search for the documents responsive to Mr. Dugan's FOIA request. Offices identified as possible repositories of responsive documents were located in the Claims Department, Central Reporting, Police Department, Safety Department, Operations Department, and Customer Relations. Steps were taken to ensure the thoroughness of the search for responsive records. I also advised Amtrak personnel to notify the FOIA Office if they knew of potentially responsive records at other locations.

23. On November 28, 2004, I sent the November 24, 2004 amended FOIA request to the Amtrak personnel described above advising them of the change in the scope of Mr. Dugan's FOIA request.

24. During the course of the search undertaken in connection with Mr. Dugan's FOIA request, I sent the amended request to additional Amtrak offices, including the Mechanical Department, Operations Department, Transportation Department, and the Service Standards Office after I became aware that these offices might have information responsive to Mr. Dugan's FOIA request.

25. Many persons were involved in the search for records responsive to Mr. Dugan's FOIA request. To ensure that all records responsive to the request were located, interviews were conducted with Amtrak personnel to gain information regarding Amtrak processes. The majority of the participants involved in the search process were contacted on a number of occasions.

26. Amtrak personnel involved in the search for responsive records were located in Washington, D.C.; Philadelphia, Pennsylvania; Wilmington, Delaware; Boston,

Massachusetts; and New York, New York. Each of the participants in the search identified and reviewed files likely to contain records that were responsive to the FOIA request and forwarded responsive records to me at the FOIA Office.

27. In addition to the manual search for records, queries of a number of Amtrak databases, including the Claims, Customer Relations, and Amtrak Safety Information Systems databases, were undertaken in an effort to locate responsive records. Searches were conducted to ensure that all information responsive to Mr. Dugan's FOIA request was identified.

28. A comprehensive review of Amtrak's policy and procedure manuals related to onboard train services also was conducted in order to identify information that was responsive to Mr. Dugan's FOIA request. The following policy manuals were reviewed:

- *On-Train Service Standards,* July 2001
- *Service Standards for Train Service Employees,* July 2001
- *Service Standards Reference Manual for Management Employees,* November 2002, Revised May 19, 2003
- *Service Standards Manual for Train Service and On-Board Service Employees, Manual No. 2,* May 3, 2004.
- *The Manual of Instruction, -- Conductors, Assistant Conductors and Trainmen*, February 1992.

Each of these manuals is hundreds of pages long and serves as a comprehensive reference document that addresses the policies, procedures and standards that apply to the services that Amtrak's Train Service and On-Board Service employees perform. The vast majority of information contained in these manuals was not responsive to Mr. Dugan's FOIA request. All information in Amtrak's possession that was responsive to Mr. Dugan's FOIA request was produced to him on July 29, 2005.

29. The cost associated with responding to Mr. Dugan's FOIA request exceeded $1,000.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF DISTRICT OF COLUMBIA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 20th day of December, 2005.

Medaris Oliveri

**Medaris Oliveri**

30183193.3