UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

JOSEPH F. DUGAN
Plaintiff

V. No. -05-399S

NATIONAL RAILROAD PASSENGER CORPORATION
(AMTRAK)
Defendant

## PLAINTIFF'S REPLY AND OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT.

Plaintiff replies to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and opposes Defendant's Cross Motion for Summary Judgment for the reasons stated in the attached memorandum.

Joseph F. Dugan, #1388
Plaintiff
183 Lyndon Road
Cranston, RI 02905
401-781-3573
Fax 401-944-4161

CERTIFICATE

I certify a copy of the foregoing was mailed to Paul E. Dwyer, Esq, Edwards & Angel, LLP on December 30 2005 at 2800 Financial Plaza Providence, RI 02903-2499.

Joseph F. Dugan, Esq

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

JOSEPH F. DUGAN
Plaintiff

V. No. -05-399S

NATIONAL RAILROAD PASSENGER CORPORATION
(AMTRAK)
Defendant

PLAINTIFF'S REPLY MEMORANDUM AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT.

## I. STATEMENT OF FACTS

Plaintiff agrees that there is no material question of fact in dispute which requires discovery to resolve and this matter can be decided by the court on summary judgment.

However, Plaintiff clearly disagrees on the interpretation of the facts and notes the failure of AMTRAK to produce all the facts which must be in its possession to support its argument.

Defendant characterizes Dugan as a personal injury lawyer. Dugan is a partly retired trial lawyer who currently handles cases on a referral basis which include personal injury, business litigation, civil rights, immigration, and some criminal. He also has handled many federal and state appeals.

This case was filed in Dugan's name because Dugan's initial letter to the Federal Railway Administration in June of 2004 which began the FOIA inquiry was begun in Dugan's name and it seemed practical to continue using Dugan's name rather than attempt to change to Dugan as attorney for Susan Taylor.

The letter of September 9, 2004 from Dugan to AMTRAK (Defendant's Ex #1) referred to as the initial letter which began the FOIA inquiry is identical to the letter sent to the Federal Railroad Administration on June 14, 2004 which Dugan believed was the proper agency to make an inquiry for records of railroad accidents.

It is clear from Dugan's letters to Lori Ann Vendetti an adjuster for AMTRAK which are included in Defendant's Ex # 1,2,3 that Dugan was acting in this matter as an attorney for Ms Taylor not for himself. Defendant admits this by submitting letters from Dugan to AMTRAK'S adjusters and arguing that because he was representing Taylor he was pursuing a business interest.

The attachments and affidavits provided by the Defendant do not contradict Plaintiff's assertion that AMTRAK'S FOIA Officer, Oliveri, did not contact Dugan between November 24, 2004 the date Dugan's request was finalized and June 22, 2005. Paragraphs 8,9,10, of Defendant's Statement of Undisputed Facts. This was a 7 month period and a clear violation of 5 USCA 552(a)(6)(A) which requires that any denial of a FOIA request must be made within 20 days.

Defendant makes no defense of its violation of the statute. In paragraph 9 of Defendant's Statement of Undisputed Facts summarizing the Oliveri Affidavit( Ex 3) Defendant refers to "numerous documents and records" being searched for. Tellingly no dates are referenced, no specifics related about the search. Probably the "search" amounted to nothing but a form letter sent to this various branches then followed up by phone calls when Plaintiff started to pressure AMTRAK in the late Spring of 2005.

Plaintiff further notes that although the information is in AMTRAK'S possession no time records regarding the search, the dates of the search, the specifics of the search have been provided. The court along with considering the very limited nature of the FOIA request should draw the obvious inference that AMTRAK is exaggerating its efforts and that even the amount of $500.00 is an excessive fee.

Plaintiff alleged in its Memorandum that the attempt by AMTRAK to characterize a small modification of Plaintiff's original request of November 2004 in June 2005, namely eliminating non-passenger's from request #1 and carryby,s, from # 3 as resulting in a new request which would retrigger the 20 day rule in July of 2005 as a ruse to avoid the statute. No facts have been produced to show this amounted to a significant change in the request or suggest this was not a ruse. The elimination of non-passengers and carrybys made the request smaller requiring less effort from AMTRAK rather than more.

Plaintiff does not dispute that he was representing Mrs Taylor in regard her injuries, however, it is also clear that a problem exists in passengers exiting AMTRAK trains as indicated by the complaints and there is a public interest in safe transportation that can coexist with a claim for injuries.

## II. ARGUMENT

### A. Cases Cited by Defendant for a FOIA 6 Exemption For Publicly Filed Court Cases Do Not Support its Case That Plaintiff is Not Entitled to The Name and Number of the Court Cases.

The denial of the name of a court case and more significantly its number because this might lead to the name and address of the person who filed suit is to push exemption 6 of the FOIA beyond it outermost limits to the point of absurdity.

All court cases and many administrative cases such tax cases, labor cases, cases under the Federal Administrative Procedures Act are denominated by the claimant's name and given a number. Many of the court cases, tax cases and labor cases end up in verdicts and opinions which are then published in legal publications or included in computer accessible cites. In all these cases the claimant is named therefore a review of the court file would reveal the claimant's name.

Using Defendant's parity of reasoning a government agency being asked for a copy of any court or administrative decision under the FOIA or even not under the FOIA must first determine the motivation of the requester so that the agency can perform a balancing test to determine whether the person making the request in the opinion of the agency is doing so to promote a "governmental interest". If the in the opinion of the agency the seeker of the information is perhaps considering a legal action of some sort then the request must be denied as an invasion of privacy of the person whose name is on the case, opinion, etc.

**In U.S. Dept. Justice v. Tax Analysts, 492 U.S. 136 (1989)** the Justice Department wanted to withhold certain tax decisions as not being public records on the ground that these court decisions were not Justice Department records. However, if Defendant's reasoning is followed the Department could have withheld the tax decisions because if they were released the requester would know the subject of the decisions name which would violate the subject's privacy. The fact that the government never even argued the exemption issue in Supreme Court case is indicative it never believed it was a viable defense.

Plaintiff suggests that the reason neither party in its research has discovered a case directly on point is that no government agency has sought to stretch exemption 6 as far as AMTRAK in refusing to reveal the docket number of a publicly filed court case. The closest case is cited by Defendant and Plaintiff in their memos : **Dayton Newspapers v. Dept of Veteran's Affairs 257 F. Supp 2d 988 (SD OH 2003).** There the court would not allow the revelation of lists of names and addresses of veteran's who had brought malpractice suits against the Veteran's Administration, however allowed the names and addresses of their attorneys and the judges who heard the cases even though this would lead to revelation of Plaintiffs.

Plaintiff suggests that the fact the plaintiff in **Dayton Newspapers** was denied access was that he was seeking directly names and addresses and further that being malpractice cases these records would lead directly to information about the medical condition of the veterans. Medical records are specifically mentioned in exemption 6 of the FOIA as the type of information which would constitute an invasion of privacy

Further it should be noticed that the newspaper in **Dayton, supra,** was seeking an entire list of names in TCIS records unrelated to lawsuits compiled by the VA. It never simply asked for a court case number. Finally, in a similar case involving the same newspaper **Dayton Newspapers, Inc v. U.S. Dept. of Air Force 107 F. Supp 2d 912 (SD OH 1999)** the court allowed the release of amounts for which malpractice cases were settled even though it would probably lead to revelation of names as being too remote.

Exemption 6 applies to "government records which can be identified as applying to an individual. **Abraham & Rose, PLC v. U.S.138 F. 3d 1075, 1083 (cir 6 1998)**. Plaintiff here does not specifically seek "the records" but the court number. The records are "agency records" only in the broader sense, but really " court records".

Plaintiff is not seeking protected information. .He is not seeking the full name of the Plaintiff in the court cases. A last name and a docket number would suffice. He is not seeking an address, social security number or other identifying matters. Plaintiff does not know whether the court file contains further identifying information. If Defendant knows then he should have asserted so in his response. We are left to guess what is in the court file. Given the purpose of the FOIA is to reveal information not hide it all inferences should be drawn against Defendant.

To the extent that revelation of the court identifying number would reveal perhaps Plaintiff's address it is being done so indirectly, not from agency files, but through court files which the Plaintiff in the court cases created. All the cases cited by Defendant upholding a privacy interest as a bar applies to agency kept records, not to court records in the possession of the agency.

Defendant has not cited a single case upholding an agency not revealing the docket number of public court records in their possession on the basis they are privileged. The burden of proof to defend the agency action is on the agency and the presumption is against it. **Department of Air Force v. Rose 425 U.S. 352,372 (1976).**

Plaintiff contends that no balancing is necessary, since the court records sought are not protected. However, if this court finds "balancing" necessary the balance should tip heavily in plaintiffs favor.

A person who brings a civil lawsuit knows it will become a public record, knows that they will need to reveal personal information which will go into a public record, that they will be asked questions, that they will have to appear in court, and ultimately they may go to a public trial. What is their expectation of privacy?

Defendant surprisingly cites **Abraham & Rose** . In this case the Third Circuit, reversed a lower court decision denying Plaintiff access to computer records of federal tax liens. The appeals court stated a requester's need for the information sought and its intended use are irrelevant citing **NLRB v. Sears ,Roebuck & Co. 421 U.S. 132 32 note 10 (1975)**. The court also suggests that the records of addresses here which are gathered by the IRS for law enforcement purposes may give them greater protection. supra 1083.

Plaintiff denies that it is directly asking for the name and address of a person listed in agency files, however, concedes that if it were there would have to be at least some balancing. **Abraham & Rose , supra**

However, if the intrusion is de minimus there is no invasion of privacy no balancing is necessary. **Department of State v Ray .502 U.S.164, 176 n. 12 (1991)** Plaintiff contends that revelation of the docket number of a court case brought by a person who knows he is ultimately asking for a public court trial is de minimus. It cannot even be equated to being listed in the phone book or on the tax roles. It cannot be equated to being on a list compiled by a federal agency for the agency's purposes. In all the Defendant's cited cases the listing is created by others. In a court case the Plaintiff creates the listing.

Defendant contends that because Plaintiff is representing a person injured by closing train doors that no public interest is involved. What motivates Dugan in representing his client is irrelevant. **Abraham & Rose supra.** The court must make an objective determination considering the purpose of the Act and the burden of proof is on Defendant.

The fact that there are cases involving closing train doors causing injury, that there are complaints about trains leaving the station without notice speak to the existence of a problem. Trains are public carriers, AMTRAK receives a federal subsidy and is under the general supervision of the Department of Transportation. Although Dugan's motivation may be financial, it is irrelevant. Objectively, this is a problem that effects the traveling public. This would not be the first case where a personal interest may coexist with a public benefit. Lawsuits against public agencies involving the environment, drugs, regulations, safety may have been brought to benefit one individual or lawyer, but have often also benefitted the public.

A number of the FOIA cases cited by **Defendant: Retired Officers Ass'n v. Department of the Navy 716 F. Supp. 662, 667 (DDC 1989),National Ass'n of Retired Fed. Employees v. Horner 879 F. 2d 873 (Cir DC 1987)** an others noted in research involve organizations seeking lists of government employees . Some are granted some are not. However, the purpose of obtaining the address is often to solicit members to an organization. Plaintiff seeks no such benefit .The sought after cases may or may not be relevant to Ms Taylor's injury. Contact by Dugan if any would be with the person's lawyer. The alleged "invasion of privacy" must be more than a mere possibility. **Depart. of Air Force v. Rose, supra, p. 380, n 19.**

The fact that Dugan could ask for similar information in court discovery like his motivation is irrelevant. **Columbia Packing Co.,Inc v. U.S. Dept. Of Agriculture 563 F.2d 495,499 (cir 1. 1997)**. Dugan is simply conducting an investigation and could be persuaded away from litigation as towards it based on information he receives.

B. **Plaintiff Is Entitled to The Names and Address of the Persons Who Have filed Complaints.**

Amtrak states they have had 3 complaints in the last five years about lack of notice the train was leaving the Providence Station, but refuse to identify who made them. Assuming the persons are identified in the complaints two of which appear to be oral Plaintiff should be entitled to the information.

The complainers would have more of a privacy interest than persons who got into agency files by filing lawsuits. The existence of such complaints testify to a problem which could involve public safety. The fact they did complain probably means they want something done about the problem.

### C. Plaintiff is Entitled to a Judicial Review of the Redacted Portion of the Manuals

The challenge to the redacting of matters immediately adjacent to what AMTRAK admits relate to duties of the conductors on the platform arises from Plaintiff's general suspicion of AMTRAK'S motives based on the agency's rather lose adherence to the FOIA.. The late response, the ruse, the hard nosed parsing attitude leads Plaintiff to believe that Defendant has redacted matters which probably should be included in the general ambit of conductor's duties on the platform. Given the juxtaposition of redactions to matters involving such duties Plaintiff believes some are relevant and do not involve accounting, break times and other irrelevant matters as suggested by Defendants.

Plaintiff believes they involve safety and at least some should have not been redacted. Plaintiff simply relies on the court's en camera review.

D. **Plaintiff has been overcharged by AMTRAK**

What was required to respond to Plaintiff's FOIA requests? AMTRAK has a General Counsel's Office in Washington which coordinates and has records of all litigation. It would not require more than a few hours for someone to review the complaints in all the accident cases filed in the Northeast States over five years to determine whether they allege a claim of closing doors.

Plaintiff seeks only complaints about trains leaving Providence without notice. Plaintiff believes that AMTRAK has an office which records rider complaints. Reviewing ones out of Providence should have been no problem.

As to the burden of reviewing operating manuals it is presumed these manuals have tables of contents which would not require the reviewer to plow through accounting issues, pay issues and labor rules to review the duties of conductors on the platform as suggested.

It is the burden on the agency to show why this request was so expensive to respond to. They have the information yet have not done so. Presumably they keep time records.

Overcharging is a well known device to suppress FOIA requests. **Ehm v. National RR Passenger Corp 732 F. 2d 1250 ( Cir 5, Tex 1984) cert den. 469 U.S 83.**

E. **Plaintiff is Entitled to Attorneys Fees if He Prevails**

Plaintiff is aware that given knowledge of the courts and the fact AMTRAK is a Defendant it may be possible by searching all AMTRAK cases for the last five years to find the withheld cases. However, this it would probably require going to the jurisdiction to review the complaints since AMTRAK is sued for an number of reasons a mere docket reviews will not be sufficient. Files in these jurisdictions may or may not be in storage.

The purpose of the FOIA is to provide information. Plaintiff is not seeking to do discovery in a personal injury case, but discover whether there is a basis for a case. Plaintiff's motivation is irrelevant.

Plaintiff does not argue with the proposition that a pro se litigant is even if an attorney in this jurisdiction is not entitled to attorneys fees. **Aronson v. U.S. Dept. of Housing and Urban Development 866 F. 2d 1 (cir 1 1989)**. nor with the proposition that this is so even if the pro se attorney is representing an undisclosed client **Burka v. U.S. Dept. Of health and Human Services143 F. 3d. 1286 (Cir DC 1998).** Susan Taylor is a disclosed client by Defendant's own admission.

There are other requirements Plaintiff must meet to qualify for attorney fees which would be premature to argue at this stage of the proceedings. If Plaintiff should prevail presumably Plaintiff would be hear on this matter. **Burka, supra**. He should not be excluded from obtaining fees simply because he might bring a personal injury case.

## III. **Conclusion**

This is case is deceptively simple. It actually raises issues well beyond the documents being fought over: These are the right of an agency to withhold the names and number of court cases and the right to attorneys fees where an attorney brings suit in his own name, but is clearly representing a client. Neither matter appears to have been addressed in this District.

Plaintiff for the reasons stated believes he should prevail on all counts.

Joseph F. Dugan, #1388
Plaintiff
183 Lyndon Road
Cranston, RI 02905
401-781-3573
Fax 401-944-4161

CERTIFICATE

I certify a copy of the foregoing was mailed to Paul E. Dwyer, Esq, Edwards & Angel , LLP on December 30 2005 at 2800 Financial Plaza Providence, RI 02903-2499.

Joseph F. Dugan, Esq